UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


KEVIN LAMAR BLAKE,

             Plaintiff,

v.                                    Case No. 3:18-cv-81-J-34JRK

CAPT. J.M. MARTIN, et al.,

             Defendants.
_____

**<u>ORDER</u>**

**I. Status**

Plaintiff Kevin Lamar Blake, an inmate of the Florida penal
system, initiated this action on January 9, 2018, by filing a pro
se Civil Rights Complaint (Doc. 1). He filed an Amended Complaint
(AC; Doc. 6) with exhibits (Docs. 6-1 through 6-8) on March 28,
2018. In the AC, Blake names the following Defendants: (1) Captain
J.M. Martin; (2) Sergeant Travis M. Wyatt; (3) Sergeant W.I.
Howard; (4) Officer Spivey; (5) Officer Jeffery B. Watson; (6)
Officer John Doe 1; and (7) Officer John Doe 2. He asserts that the
Defendants violated his federal constitutional rights when they
sprayed him with chemical agents on August 12, 2017, failed to
intervene to stop the excessive force, and issued a false
Disciplinary Report (DR) for participating in a disturbance. As
relief, he seeks compensatory and punitive damages as well as
declaratory relief.

This matter is before the Court on Defendants Howard, Watson, Wyatt, and Spivey's Motion to Dismiss (Motion; Doc. 19) and Defendant Martin's Motion to Dismiss (Martin's Motion; Doc. 29). The Court advised Blake that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See Order (Doc. 9). Blake filed responses in opposition to the Motions, see Responses (Docs. 25, 31), and the Motions are ripe for review.

## II. Plaintiff's Allegations[1]

As to the underlying facts of his claims, Blake asserts that Defendants Wyatt, Watson, and Spivey antagonized him on August 12, 2017. See AC at 9. He states that Wyatt falsely reported to Martin that Blake had incited a disturbance when he yelled and kicked his door, and therefore, Martin directed the officers to use chemical agents on him. See id. According to Blake, Howard opened his cell door, John Doe 1 sprayed him with chemical agents, and John Doe 2 "held the use of force camera." Id. Blake maintains that the Defendants either used excessive force and/or failed to intervene

---

[1] In considering a motion to dismiss, the Court must accept all factual allegations in the AC as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the AC and may differ from those that ultimately can be proved.

to stop it. <u>See</u> <u>id.</u> at 9-10. He avers that Wyatt wrote a false DR to "justify" the force used against him. <u>Id.</u> at 10. Blake describes his injuries as: (1) severe burning of the skin, eyes, and throat; (2) severe breathing issues due to the inhalation and ingestion of pepper spray; and (3) spitting up blood for approximately one week. <u>See</u> <u>id.</u> at 8. He asserts that medical personnel did "nothing" to help him, and further that he was afraid to report his injuries "because he did not want another use of force to occur." <u>Id.</u>

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002); <u>see also</u> <u>Lotierzo v. Woman's World Med. Ctr., Inc.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. <u>Jackson v. Bellsouth Telecomm.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough

facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the

court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

## IV. Summary of the Arguments

In the Motions,[3] all Defendants maintain that Blake fails to state a claim for either a First Amendment violation, see Motion at 6-10; Martin's Motion at 6-10, or an Eighth Amendment violation, see Motion at 11-12; Martin's Motion at 11-12. Defendant Martin also argues that she is not liable under the theory of respondeat superior. See Martin's Motion at 12-13. Additionally, Defendants assert that they are entitled to qualified immunity. See Motion at 12-15; Martin's Motion at 13-14. They maintain that Blake is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e) because he has not alleged sufficient physical injuries resulting from Defendants' acts and/or omissions. See Motion at 15-

---

[2] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] Defendants' Motions are strikingly similar.

16; Martin's Motion at 15-16. Finally, they contend that Blake is not entitled to declaratory relief. <u>See</u> Motion at 15; Martin's Motion at 15.

In response to the Motions, Blake acknowledges that he cannot "effectively establish" a First Amendment retaliation claim. Docs. 25, 31 at 1. Nevertheless, he maintains that he has sufficiently stated an Eighth Amendment claim, <u>see</u> <u>id.</u> at 5-6, and is entitled to compensatory and punitive damages as well as declaratory relief, <u>see</u> <u>id.</u> at 10. Additionally, Blake asserts that Defendant Martin is liable for her participation in the violation of his federal constitutional rights, <u>see</u> Doc. 31 at 8-9, and the Defendants are not entitled to qualified immunity, <u>see</u> Docs. 25 at 6-9; 31 at 6-8.

## V. Discussion

### A. First Amendment Retaliation

In the AC, Blake asserts that the Defendants violated his First Amendment right. <u>See</u> AC at 4. Defendants maintain that Blake fails to state a claim for a First Amendment violation. <u>See</u> Motion at 6-10; Martin's Motion at 6-10. In response to the Motions, Blake states, in pertinent part:

> Plaintiff does not furnish a response to Defendants['] claim that he cannot establish a First Amendment violation because through due diligence in reviewing his case, Plaintiff has come to the conclusion that he cannot effectively defend nor establish a First Amendment retaliation claim because he was not retaliated against until after the actions giving rise to this suit occurred.

Docs. 25, 31 at 1. Thus, the Court will construe Blake's assertion as a request to voluntarily dismiss his First Amendment claim, and will dismiss the claim without prejudice.

## B. Eighth Amendment Excessive Use of Force

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Additionally, the Eleventh Circuit requires "'an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

With respect to the appropriate analysis in an excessive use of force case, the Eleventh Circuit has explained.

> [O]ur core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In determining whether

> force was applied maliciously and
> sadistically, we look to five factors: "(1)
> the extent of injury; (2) the need for
> application of force; (3) the relationship
> between that need and the amount of force
> used; (4) any efforts made to temper the
> severity of a forceful response; and (5) the
> extent of the threat to the safety of staff
> and inmates[, as reasonably perceived by the
> responsible officials on the basis of facts
> known to them]..." Campbell v. Sikes, 169 F.3d
> 1353, 1375 (11th Cir. 1999) (quotations
> omitted).

McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per

curiam). "When considering these factors, [courts] 'give a wide

range of deference to prison officials acting to preserve

discipline and security, including when considering decisions made

at the scene of a disturbance.'" Fennell v. Gilstrap, 559 F.3d

1212, 1217 (11th Cir. 2009) (per curiam) (quoting Cockrell v.

Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007)).

"The Eighth Amendment's prohibition of cruel and unusual

punishments necessarily excludes from constitutional recognition de

minimis uses of physical force, provided that the use of force is

not of a sort repugnant to the conscience of mankind." Hudson v.

McMillian, 503 U.S. 1, 9-10 (1992) (internal quotations and

citations omitted). Indeed, not "every malevolent touch by a prison

guard gives rise to a federal cause of action." Id. at 9 (citation

omitted). Notably, a lack of serious injury is relevant to the

inquiry. See Smith v. Sec'y, Dep't of Corr., 524 F. App'x 511, 513

(11th Cir. 2013) (per curiam) (quoting Wilkins v. Gaddy, 559 U.S.

34, 38 (2010) (per curiam)). The United States Supreme Court explained.

> "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Ibid.[4] (quoting Whitley,[5] supra, at 321, 106 S.Ct. 1078). The extent of injury may also provide some indication of the amount of force applied. . . . An inmate who complains of a "'push or shove'" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id., at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).[6]

> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

Wilkins, 559 U.S. at 37-38.

Defendants seek dismissal of Blake's Eighth Amendment claim arguing that he fails to provide sufficient facts to support a plausible claim for relief. See Motion at 11-12; Martin's Motion at 11-12. In doing so, they maintain that Blake was sprayed with chemical agents for disobeying a lawful order to cease the disturbance. However, viewing the facts in the light most favorable

---

[4] Hudson, 503 U.S. at 7.

[5] Whitley v. Albers, 475 U.S. 312 (1986).

[6] See Johnson, 481 F.2d at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").

to Blake, as the Court must, the Court is not so convinced that his claim is subject to dismissal. Blake has alleged facts sufficient to state plausible claims under the Eighth Amendment. In reaching this conclusion, the Court observes that Blake asserts that Martin authorized and/or directed the August 12, 2017 chemical spraying based on Wyatt's false accusations, resulting in Blake suffering with severe breathing issues and spitting up blood that lasted for one week. The Court declines to find that these allegations if proven would fail to state a plausible claim for a violation of the Eighth Amendment. As such, Defendants' Motions are due to be denied as to Blake's Eighth Amendment claims against them.

## C. Qualified Immunity

Defendants alternatively assert that they are entitled to qualified immunity. See Motion at 12-15; Martin's Motion at 13-14. As to qualified immunity, the Eleventh Circuit has stated:

> To invoke qualified immunity, a public official must first demonstrate that he was acting within the scope of his or her discretionary authority. Maddox v. Stephens, 727 F.3d 1109, 1120 (11th Cir. 2013). As we have explained the term "discretionary authority," it "include[s] all actions of a governmental official that (1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority." Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (internal quotation marks omitted). Here, it is clear that Defendant Officers satisfied this requirement, as they engaged in all of the challenged actions while on duty as police officers conducting investigative and seizure functions.

Because Defendant Officers have
established that they were acting within the
scope of their discretionary authority, the
burden shifts to [the plaintiff] to
demonstrate that qualified immunity is
inappropriate. <u>See</u> <u>id</u>. To do that, [the
plaintiff] must show that, when viewed in the
light most favorable to him, the facts
demonstrate that Defendant Officers violated
[Plaintiff's] constitutional right and that
that right was "clearly established ... in
light of the specific context of the case, not
as a broad general proposition[,]" at the time
of Defendant officers' actions. <u>Saucier v.
Katz</u>, 533 U.S. 194, 201, 121 S.Ct. 2151, 150
L.Ed.2d 272 (2001), <u>overruled</u> <u>in</u> <u>part</u> <u>on</u> <u>other
grounds</u> by <u>Pearson</u>, 555 U.S. 223, 129 S.Ct.
808. We may decide these issues in either
order, but, to survive a qualified-immunity
defense, [the plaintiff] must satisfy both
showings. <u>Maddox</u>, 727 F.3d at 1120–21
(citation omitted).

<u>Jones v. Fransen</u>, 857 F.3d 843, 850-51 (11th Cir. 2017).

The Eleventh Circuit also has set forth the proper analysis

when a district court considers a motion to dismiss based on

qualified immunity.

When presented with the officers' motions to
dismiss, both our precedent and precedent from
the Supreme Court instruct the district court
to analyze whether, taking [Plaintiff]'s
allegations as true, the . . . complaint
asserted a violation of a clearly established
constitutional right. <u>See</u> <u>Chesser v. Sparks</u>,
248 F.3d 1117, 1121 (11th Cir. 2001) ("[T]he
[qualified immunity] defense may be raised and
considered on a motion to dismiss; the motion
will be granted if the 'complaint fails to
allege the violation of a clearly established
constitutional right.'") (quoting <u>Williams</u>,

> 102 F.3d at 1182)[7]; <u>Santamorena v. Ga.</u>
> <u>Military College</u>, 147 F.3d 1337, 1342 (11th
> Cir. 1998) (affirming grant of motion to
> dismiss on qualified immunity grounds because
> the "complaint fail[ed] to allege the
> violation of a clearly established
> constitutional right"). <u>See also Siegert v.</u>
> <u>Gilley</u>, 500 U.S. 226, 232, 111 S.Ct. 1789, 114
> L.Ed.2d 277 (1991) ("A necessary concomitant
> to the determination of whether the
> constitutional right asserted by a plaintiff
> is 'clearly established' at the time the
> defendant acted is the determination of
> whether the plaintiff has asserted a violation
> of a constitutional right at all. Decision of
> this purely legal question permits courts
> expeditiously to weed out suits which fail the
> test without requiring a defendant who rightly
> claims qualified immunity to engage in
> expensive and time consuming preparation to
> defend the suit on its merits."). . . .

<u>Joseph v. Gee</u>, 708 F. App'x 642, 643-44 (11th Cir. 2018) (per

curiam).

In the Motions, Defendants assert that they are entitled to

qualified immunity because they did not violate Blake's Eighth

Amendment right. However, upon review of the AC, the Court finds

this assertion unavailing. The Court has determined that Blake has

stated plausible Eighth Amendment claims against the Defendants,

and therefore, the Defendants are not entitled to qualified

immunity at this stage of the litigation. Accordingly, Defendants'

Motions based on qualified immunity are due to be denied.

---

[7] <u>Williams v. Ala. State Univ.</u>, 102 F.3d 1179, 1182 (11th Cir.
1997).

## D. Supervisory Liability

Defendant Martin asserts that the claims against her should be dismissed. See Martin's Motion at 12-13. Martin maintains that, as a supervisor, she is not responsible for the acts and/or omissions of her subordinate officers. The Eleventh Circuit Court of Appeals has instructed:

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Gonzalez, 325 F.3d at 1234 (internal quotation marks and citation omitted).[8] "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).
>
> "The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Cottone, 326 F.3d at 1360 (citation omitted).[9] "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. A plaintiff can also establish the necessary

_____

[8] Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).

[9] Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003).

> causal connection by showing "facts which
> support an inference that the supervisor
> directed the subordinates to act unlawfully or
> knew that the subordinates would act
> unlawfully and failed to stop them from doing
> so," <u>Gonzalez</u>, 325 F.3d at 1235, or that a
> supervisor's "custom or policy . . . resulted
> in deliberate indifference to constitutional
> rights," <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495
> (11th Cir. 1991).

<u>Danley v. Allen</u>, 540 F.3d 1298, 1314 (11th Cir. 2008) (<u>overruled on</u>

<u>other grounds</u> as recognized by <u>Randall v. Scott</u>, 610 F.3d 701, 709

(11th Cir. 2010) (rejecting the application of a heightened

pleading standard for § 1983 cases involving qualified immunity));

<u>see also</u> <u>Keith v. DeKalb Cty., Ga.</u>, 749 F.3d 1034, 1047-48 (11th

Cir. 2014). In sum,

> To state a claim against a supervisory
> defendant, the plaintiff must allege (1) the
> supervisor's personal involvement in the
> violation of his constitutional rights,[10] (2)
> the existence of a custom or policy that
> resulted in deliberate indifference to the
> plaintiff's constitutional rights,[11] (3)
> facts supporting an inference that the
> supervisor directed the unlawful action or
> knowingly failed to prevent it,[12] or (4) a

---

[10] <u>See</u> <u>Goebert v. Lee Cty.</u>, 510 F.3d 1312, 1327 (11th Cir. 2007) ("Causation, of course, can be shown by personal participation in the constitutional violation.").

[11] <u>See</u> <u>Goebert</u>, 510 F.3d at 1332 ("Our decisions establish that supervisory liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations.").

[12] <u>See</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1322 (11th Cir. 2008) ("Douglas's complaint alleges that his family informed [Assistant Warden] Yates of ongoing misconduct by Yates's subordinates and Yates failed to stop the misconduct. These allegations allow a

> history of widespread abuse that put the
> supervisor on notice of an alleged deprivation
> that he then failed to correct. <u>See</u> <u>id.</u> at
> 1328-29 (listing factors in context of summary
> judgment).[13] A supervisor cannot be held
> liable under § 1983 for mere negligence in the
> training or supervision of his employees.
> <u>Greason v. Kemp</u>, 891 F.2d 829, 836-37 (11th
> Cir. 1990).

<u>Barr v. Gee</u>, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam).

Thus, to the extent Blake seeks to impose liability on Defendant

Martin on the basis of respondeat superior, Defendants' Motion

would be granted. Otherwise, the Motion as to Blake's claims

against Martin is due to be denied. Here, however, the Court finds

that Blake alleges sufficient facts suggesting that Martin was

personally involved in, or otherwise causally connected to, the

alleged violations of his federal statutory or constitutional

rights. <u>See</u> AC at 9-10. As such, Martin's request for dismissal on

the basis of respondeat superior is due to be denied.

### E. Physical Injury Requirement
### 42 U.S.C. § 1997e(e)

Next, the Court turns to Defendants' assertions that Blake is

not entitled to compensatory and punitive damages under 42 U.S.C.

§ 1997e(e) because he has not alleged any physical injuries that

are more than <u>de</u> <u>minimis</u>, resulting from Defendants' acts and/or

---

reasonable inference that Yates knew that the subordinates would
continue to engage in unconstitutional misconduct but failed to
stop them from doing so.").

[13] <u>West v. Tillman</u>, 496 F.3d 1321 (11th Cir. 2007).

omissions. <u>See</u> Motion at 15-16; Martin's Motion at 15-16. In <u>Brooks v. Warden</u>, 800 F.3d 1295 (11th Cir. 2015), the Eleventh Circuit addressed the availability of compensatory and punitive damages as well as nominal damages in suits brought by prisoners under § 1983. The Eleventh Circuit stated:

> [Plaintiff]'s claim, however, is further governed by the Prison Litigation Reform Act of 1995 [(PLRA)], Pub.L. No. 104-134, §§ 802-10, 110 Stat. 1321, 1366-77 (1996). The PLRA places substantial restrictions on the judicial relief that prisoners can seek, with the goal of "reduc[ing] the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." <u>Al-Amin v. Smith</u>, 637 F.3d 1192, 1195 (11th Cir. 2011) (quoting <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002)). The section of the Act at issue here, 42 U.S.C. § 1997e(e), reads this way:
>
>> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act....
>
> This Court has held that § 1997e(e) applies to all federal civil actions, including constitutional claims brought under § 1983. <u>See</u> <u>Harris v. Garner</u> (<u>Harris II</u>), 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)....
>
> In this case, [Plaintiff] did not allege any physical injury . . . . Nevertheless, he sought "compensatory . . . punitive, and nominal damages" from [Defendant]. **Under the statute and our caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional**

**violations unless he can demonstrate a (more than de minimis) physical injury.** See Al-Amin, 637 F.3d at 1198 (punitive); Harris v. Garner (Harris I), 190 F.3d 1279, 1286 (11th Cir. 1999) (compensatory), reh'g en banc granted and opinion vacated, 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in relevant part, 216 F.3d 970. However, we have never had the opportunity in a published opinion to settle the availability of nominal damages under the PLRA. We do today, and we hold that nothing in § 1997e(e) prevents a prisoner from recovering nominal damages for a constitutional violation without a showing of physical injury.

Brooks, 800 F.3d at 1307-08 (emphasis added). Thus, to satisfy § 1997e(e), a prisoner must assert physical injury that is more than de minimis. However, the injury does not need to be significant. See Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014) (citation omitted); Dixon v. Toole, 225 F. App'x 797, 799 (11th Cir. 2007).

Taking Blake's allegations as to his injuries as true, he asserts physical injuries that are greater than de minimis. The injuries Blake complains about are allegedly the result of Defendant Martin authorizing and/or directing the chemical spraying. According to Blake, he suffered severe burning of the skin, eyes, and throat, and experienced serious respiratory difficulties due to the inhalation and ingestion of pepper spray. See AC at 8; Docs. 25, 31 at 10. He states that he coughed up blood for one week. See id. He maintains that he did not seek medical care because he feared that the Defendants would retaliate against him. See Docs. 25, 31 at 10. Here, Blake's alleged injuries,

described as severe dermatological and respiratory distress
accompanied by coughing up blood for one week, cross § 1997e(e)'s
de minimis threshold. See Thompson, 551 F. App'x at 557 n.3
(describing an approach of asking whether the injury would require
a free world person to visit an emergency room or doctor) (citing
Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997) ("A physical
injury is an observable or diagnosable medical condition requiring
treatment by a medical care professional. It is not a sore muscle,
an aching back, a scratch, an abrasion, a bruise, etc., which lasts
even up to two or three weeks.")). Thus, Defendants' Motions are
due to be denied to the extent that the Court finds Blake's request
for compensatory and punitive damages is not precluded under §
1997e(e) because he alleges that he suffered physical injuries that
are plausibly greater than de minimis.

## F. Declaratory Relief

Defendants maintain that Blake is not entitled to declaratory
relief. See Motion at 15; Martin's Motion at 15. However, section
1997e(e)'s limitation on remedies does not impair a prisoner's
right to seek declaratory relief for constitutional violations. See
Hughes v. Lott, 350 F.3d 1157, 1162 n.4 (11th Cir. 2003); Mann v.
McNeil, 360 F. App'x 31, 32 (11th Cir. 2010) (per curiam). Thus,
Blake is not precluded from pursuing a claim for declaratory relief
at this stage of the proceedings. Therefore, Defendants' Motions
are due to be denied as to Blake's request for declaratory relief,

18

and Defendants' request to dismiss the claim for declaratory relief is due to be denied.

Therefore, it is now

**ORDERED**:

1. Blake's request to voluntarily dismiss his First Amendment claim is **GRANTED**, and his First Amendment claims against the Defendants are **DISMISSED without prejudice**.

2. Defendants Howard, Watson, Wyatt, and Spivey's Motion to Dismiss (Doc. 19) is **DENIED**.

3. Defendant Martin's Motion to Dismiss (Doc. 29) is **DENIED.**

4. Defendants, **no later than July 1, 2019,** must answer or otherwise respond to the AC, the operative complaint.

5. The parties shall conduct discovery so the due date of any discovery requested is no later than **October 30, 2019.** Any motions relating to discovery shall be filed by **November 13, 2019.**

6. By **September 30, 2019**, Plaintiff shall file a notice with information for service of process for Defendants John Doe 1 and John Doe 2. If he does not, all claims against Defendants John Doe 1 and John Doe 2 will be dismissed at that time.

7. All motions to dismiss and/or for summary judgment shall be filed by **December 18, 2019.**[14] This deadline is also applicable

---

[14] The Court requires the complete transcript of any deposition submitted as an exhibit.

to the filing of any motions or the raising of any affirmative defenses based on qualified immunity.

8. Responses to any motions to dismiss and/or for summary judgment shall be filed by **January 30, 2020.**

9. The parties are encouraged to discuss the possibility of settlement and notify the Court if their efforts are successful. In doing so, Plaintiff and Defendants are encouraged to maintain a realistic approach in making and/or considering any settlement offers. If the parties are unable to settle the case privately, and want a Magistrate Judge to conduct a settlement conference, they should notify the Court.

10. As to the taking of Plaintiff's deposition, if necessary, the Court grants permission to Defendants' counsel. Defendants' counsel must contact the Warden of Plaintiff's institution to arrange an appropriate time and place for the deposition.

11. Plaintiff is advised that any documents submitted for the Court's consideration must be legible. Filings may be difficult to decipher, especially when electronically scanned. Therefore, Plaintiff is encouraged to use a black pen, not pencil. The Court may strike documents that are not in compliance with these instructions.

12. The Court expects strict compliance with the Court's deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of May, 2019.

MARCIA MORALES HOWARD
United States District Judge

sc 5/28
c:
Kevin Lamar Blake, FDOC #X83762
Counsel of Record